EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ÁNGEL TEODORO GONZÁLEZ, acusado y apelante.

*Número:* Cr-62–119      *Resuelto:* 18 de enero de 1963

*Ángel Teodoro González,* por derecho propio; *J. B. Fernández
Badillo, Procurador General,* y *Héctor R. Orlandi Gómez,
Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como
Presidente de Sala y los Jueces Asociados Señores Rigau y
Dávila.

PER CURIAM: En 10 de agosto de 1960 el fiscal formuló
acusación contra el acusado-apelante por un delito de abuso de
confianza consistente en que el acusado ilegalmente defraudó
a la señora Andrea Román Vda. de Crespo, mientras actuaba
como depositario de dicha señora, apropiándose la suma de
$907.00 que ella le había confiado para que se los guardara.

En 29 de agosto de 1960 compareció el acusado en persona
al acto de la lectura de la acusación. El tribunal designó
al Lcdo. Celedonio Medín Lozada para que asistiese al acu-
sado en dicho acto. Leída la acusación, el acusado por voz

de su abogado hizo alegación de no culpable y solicitó juicio por jurado. Se señaló el caso para juicio y el 20 de octubre de 1960 compareció el acusado en persona y sin abogado a la celebración del juicio. El acusado informó al tribunal que había sido citado la noche anterior y que no había tenido tiempo para hablar con su abogado. El tribunal dispuso que el caso fuese llamado más adelante ese mismo día y llamado nuevamente el caso a juicio compareció el acusado ahora representado por su abogado el Lcdo. Eugenio Sánchez Ruiz y solicitó la posposición del juicio. Accedió el tribunal y pospuso la vista para el 21 de diciembre de 1960. En esa fecha compareció el acusado en persona y representado por su abogado el Lcdo. Eugenio Sánchez Ruiz. Estando las partes preparadas para entrar a juicio se procedió a la celebración del mismo.

El jurado declaró culpable al acusado del delito imputado y éste quedó en libertad bajo fianza hasta el acto de la imposición de la sentencia. En 27 de diciembre de 1960 compareció el acusado en persona y representado por sus abogados los Lcdos. Eugenio Sánchez Ruiz y Enrique Báez García, a la imposición de la sentencia. El tribunal concedió al acusado, en beneficio de su nuevo abogado, un término de 15 días y señaló la fecha del 12 de enero de 1961 para la resolución del asunto. En 9 de enero de 1961 el acusado radicó por derecho propio una solicitud de nuevo juicio en la cual alegó que "por razón de haberse visto por cuestiones económicas privado de abogado teniendo [sic] que en el acto del juicio acompañarnos de uno de oficio, cuyo criterio y el del acusado no pudo reconciliarse durante el proceso. . ." Y alegó que todo ello lo perjudicó, por lo cual solicitó nuevo juicio. El 12 de enero de 1961 compareció el acusado en persona y representado por su abogado el Lcdo. Eugenio Sánchez Ruiz a la vista y discusión de la moción de nuevo juicio radicada por el acusado y para el acto de la imposición de la sentencia si la moción

no prosperase. El tribunal declaró sin lugar la solicitud de nuevo juicio y dictó sentencia condenando al acusado a cumplir de uno a tres años de presidio con trabajos forzados y con abono de cualquier prisión preventiva que hubiera sufrido por esta misma causa, sin costas.

En 13 de enero de 1961 el acusado, a través de su abogado, Lcdo. Sánchez Ruiz, radicó su escrito de apelación y el acusado quedó en libertad provisional bajo fianza. En 16 de enero de 1961 el acusado radica por su propio derecho un escrito alegando nuevamente que la defensa de su abogado no fue adecuada y solicita se le conceda litigar como insolvente. El tribunal fijó el día 27 de enero de 1961 para la vista y discusión de lo que consideró como una moción para litigar en *forma pauperis*. Por ausencia del taquígrafo el día así fijado el tribunal pospuso la vista para el viernes 3 de febrero de 1961.

En relación con su apelación, el acusado solicitó la transcripción de evidencia en forma de pobreza y le fue denegada. Solicitó reconsideración y la misma fue declarada sin lugar. Luego consignó en el tribunal $100.00 para los gastos de la transcripción de evidencia y ésta se hizo.

En 28 de febrero de 1962 el acusado por derecho propio radicó un escrito que tituló "Moción de Nulidad de Sentencia" y alegó que el Juez Superior Hon. Alfredo Archilla Guenard fue el magistrado que entendió que había causa probable contra el acusado y que fue el mismo magistrado que presidió el juicio. Por dicha razón solicitaba la anulación de la sentencia. Alegó que la determinación de causa probable se basó en declaraciones juradas que le fueron presentadas al Juez Archilla Guenard por el fiscal y que él no fue examinado por el juez. En 2 de marzo de 1962 el Tribunal Superior se declaró sin jurisdicción para intervenir en este planteamiento ya que el caso estaba en apelación en el Tribunal Supremo.

Mediante telegrama de 4 de junio de 1962 dirigido al Tribunal Supremo el acusado solicitó se le designase abogado de oficio para el trámite de recurso de apelación y mediante resolución de 1ro. de agosto de 1962 el Tribunal Supremo declaró no ha lugar a la solicitud en vista de que el apelante está trabajando y devenga un sueldo de $225.00 mensuales.

■ El acusado apelante ha radicado en el Tribunal Supremo por derecho propio varios escritos fechados a 4 de junio de 1962, 2 de julio de 1962, 3 de julio de 1962, 5 de julio de 1962 y 9 de julio de 1962. Por los escritos radicados en este Tribunal por derecho propio por el acusado apelante, puede decirse que plantea dos asuntos, o que señala dos errores. El primero consiste en que el tribunal sentenciador erró al aceptar un veredicto que no se ajusta a la prueba presentada. El señalamiento carece de mérito. Hemos leído detenidamente la transcripción de evidencia. Correspondía al jurado determinar la inocencia o culpabilidad del acusado y éste lo declaró culpable. Hay prueba suficiente en el récord para sostener el veredicto del jurado, por lo que no estaría justificada una revocación de la sentencia por ese motivo.

■ La segunda cuestión levantada consiste en que el juicio se celebró presidido por el mismo juez que determinó que existía causa probable para el arresto del acusado apelante. Es evidente que el acusado apelante desea ampararse en lo establecido en *Pueblo* v. *Toro Goyco*, 84 D.P.R. 492, (1962). En primer lugar, no hay nada en los autos que demuestre o de donde pueda concluirse que el juez que presidió la vista fue el mismo que determinó causa probable. En segundo lugar, aunque ese hubiese sido el caso, el error no se habría cometido porque se trata de una situación distinta a la que tuvimos ante nos en *Pueblo* v. *Toro Goyco*. En aquella ocasión el juez que presidió la vista fue el magistrado que (1) examinó los testigos, (2) hizo la determinación de causa probable y (3) juzgó y condenó al acusado. Se trataba de un delito visto ante un Tribunal de Distrito. En este caso, asumiendo que el magistrado que presidió la

vista fue el que determinó causa probable, él no investigó
la querella ni examinó a los testigos sino que sólo tuvo
ante sí declaraciones juradas que le presentó el fiscal
(según informa el propio acusado apelante en sus escritos)
y además dicho magistrado no fue quien juzgó la inocencia o
la culpabilidad del acusado, sino que fue el jurado. Esto distingue claramente el caso de autos del de *Toro Goyco*. Véase
*Pueblo* v. *Toro Goyco*, supra; *Pueblo* v. *Quiles*, 83 D.P.R.
63 (1961); *Pueblo* v. *Pacheco*, 83 D.P.R. 285 (1961).

*No se cometieron los errores señalados y se confirmará
la sentencia dictada por el Tribunal Superior en este caso.*